IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID PERRY, | ) |
| Plaintiff, | ) |
| vs. | ) No. 03-601-MJR |
| CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY, INC., | ) **PLAINTIFF DEMANDS TRIAL BY JURY** |
| Defendant. | ) |

## COMPLAINT

### COUNT I

**Federal Employers' Liability Act
Negligence
Occupational Hearing Loss**

COMES NOW the Plaintiff, DAVID PERRY, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for Count I of his Complaint against the Defendant, CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, [hereinafter referred to as "CNIC"] states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C., Section 51 et. seq., as herein after more fully shown.

2. That at all times relevant herein, the Defendant, CNIC, was and is a railroad company operating in and doing business in the States of Illinois and Kentucky and within the Southern District of Illinois.

3. That during the course of Plaintiff's employment, the Defendant, CNIC, was engaged in the business of interstate commerce as a common carrier by rail, and

1

all or part of the duties of Plaintiff were in furtherance of and did closely, directly and substantially affect interstate commerce.

4. That beginning in June 1972, Plaintiff has been employed as a locomotive engineer, operating Defendant's locomotives at various locations in the United States including Centralia, Marion County, Illinois, and other locations through the Southern District of Illinois.

5. That at all times herein relevant, Plaintiff was engaged in the performance of his duties during said periods of employment as such worker at the time that he suffered disability or injury as hereinafter alleged.

6. That the Plaintiff was engaged in the course of his employment with the Defendant at the aforementioned locations, and in and during the course of his employment, was caused to work with, and in the vicinity of machinery, tools and equipment which produced high decibel levels of sound on a continuing basis through the workday, which caused the Plaintiff to become severely and permanently injured as a result of his occupational exposure to high decibel levels.

7. That at all times relevant herein, the Plaintiff was unaware of the cause of his true medical condition.

8. That the Defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

    (a)    In failing to provide Plaintiff with a reasonably safe place in which to work;

    (b)    In failing to warn Plaintiff of the true nature and hazardous effects of exposure to high decibel levels;

    (c)    In failing to provide instructions on a method for safely working within an environment of continuous high decibel levels;

  (d)  In failing to provide the Plaintiff with earplugs, ear mufflers or other protective headgear or devices to protect against hearing loss;

  (e)  In allowing unsafe practices to become the standard practice;

  (f)  In failing to install in and about the work environment sound muffling partitions or devices to prevent the exposure of the Plaintiff to high decibel levels;

  (g)  In failing to exercise reasonable care in publishing and enforcing a safety plan and method of working within an environment of high decibel levels;

  (h)  In failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

  (i)  In failing to periodically medically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to high decibel levels and in failing to inform the Plaintiff of said findings;

  (j)  In failing to periodically inspect and test the work environment to determine the decibel levels;

  (k)  In failing to install sound muffling devices in it's locomotives when they were maintained, and/or repaired in Centralia, Illinois and East St. Louis, Illinois.

9.  That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff, while in the performance of his duties as Defendant's employee, and in conjunction with and in the scope and course of his employment, suffered exposure to high decibel levels, causing the Plaintiff to sustain a hearing loss and permanent injuries, to wit: injuries to the nerves and soft tissues of the ears and auditory system; that his injuries are permanent and permanently disabling; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disability resulting from said injuries; that he has sustained a loss of wages in the past and will continue to sustain a loss of wages in the future as a result of said injuries; that he has incurred

medical expenses in the past and is reasonably certain to experience medical expenses in the future resulting from said injuries; and that he has sustained a permanent impairment of his earning capacity; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, Plaintiff, DAVID PERRY, prays judgment against the Defendant, CNIC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

## PLAINTIFF DEMANDS TRIAL BY JURY

## COUNT II

### Federal Employers' Liability Act
### Boiler Inspection Act
### Occupational Hearing Loss

COMES NOW the Plaintiff, DAVID PERRY, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for Count II of his Complaint against the Defendant, CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, [hereinafter referred to as "CNIC"] states as follows:

1.  That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Boiler Inspection Act, 45 U.S.C.A., Sections 22 & 23, as hereinafter more fully shown.

2.  That at all times relevant herein, the Defendant, CNIC, was and is a railroad company operating in and doing business in the States of Illinois and Kentucky and within the Southern District of Illinois.

3.  That during the course of Plaintiff's employment, the Defendant, CNIC, was engaged in the business of interstate commerce as a common carrier by rail, and

all or part of the duties of Plaintiff were in furtherance of and did closely, directly and substantially affect interstate commerce.

4. That beginning in June 1972, Plaintiff has been employed as a locomotive engineer, operating Defendant's locomotives at various locations in the United States including Centralia, Marion County, Illinois, and other locations through the Southern District of Illinois.

5. That at all times herein relevant, Plaintiff was engaged in the performance of his duties during said periods of employment as such worker at the time that he suffered disability or injury as hereinafter alleged.

6. That the Plaintiff was engaged in the course of his employment with the Defendant at the aforementioned locations, and in and during the course of his employment, was caused to work with, and in the vicinity of machinery, tools and equipment which produced high decibel levels of sound on a continuing basis through the workday, which caused the Plaintiff to become severely and permanently injured as a result of his occupational exposure to high decibel levels.

7. That at all times relevant herein, the Plaintiff was unaware of the cause of his true medical condition.

8. That the Defendant, CNIC, by and through it's agents, servants and employees, at said time and place, violated the aforesaid act, in that it failed to provide the Plaintiff with a locomotive and its appurtenances which were in proper condition and safe to operate in the service to which they were put in violation of the act, in one or more of the following respects:

    (a)    Failed to control the noise level of its locomotives.

9. That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the Defendant, the Plaintiff, while in the performance of his duties as Defendant's employee, and in conjunction with and in the scope and course of his employment, suffered exposure to high decibel levels, causing the Plaintiff to sustain a hearing loss and permanent injuries, to wit: injuries to the nerves and soft tissues of the ears and auditory system; that his injuries are permanent and permanently disabling; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disability resulting from said injuries; that he has sustained a loss of wages in the past and will continue to sustain a loss of wages in the future as a result of said injuries; that he has incurred medical expenses in the past and is reasonably certain to experience medical expenses in the future resulting from said injuries; and that he has sustained a permanent impairment of his earning capacity; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, Plaintiff, DAVID PERRY, prays judgment against the Defendant, CNIC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT III

### Federal Employers' Liability Act
### Negligence - Repetitive Trauma

COMES NOW the Plaintiff, DAVID PERRY, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for Count III of his Complaint against the Defendant, CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, [hereinafter referred to as "CNIC"] states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers Liability Act, 45 U.S.C., Section 51 et. seq., as herein after more fully shown.

2. That at all times mentioned herein, the Defendant, CNIC, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states including Kentucky and Illinois and within the Southern District of Illinois.

3. That beginning in 1972, the Plaintiff, DAVID PERRY, was an employee of Defendant, CNIC, and since June 1974 was so employed as a locomotive engineer.

4. That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That during the time that Plaintiff was employed by this Defendant as an engineer, the Plaintiff performed his duties in various states and locations, including Kentucky and Illinois, and within the Southern District of Illinois, including Centralia, Marion County, Illinois.

6. That during Plaintiff's employment with the Defendant, the Plaintiff was routinely exposed to fully body vibration from various sources including, but not limited to: vibrating engine seats, vibrating locomotives, slack action on a repetitive continuing basis, and defective switches which could not be easily engaged, which resulted in his exposure to continuing cumulative trauma to various parts of his body including but not limited to his back and neck, and the joints of his hands, arms, and knees.

7. That at all times relevant herein, the Defendant by and through its agents, servants and employees, committed one or more of the following negligent acts or omissions to wit:

   (a) Failed to provide Plaintiff with a reasonably safe place in which to work;

   (b) Failed to provide plaintiff with proper supervision and instruction;

   (c) Failed to warn Plaintiff of the dangers and hazards of being exposed to repetitive trauma while riding upon a locomotive engine;

   (d) Assigned Plaintiff to do physical tasks beyond his physical capability;

   (e) Assigned Plaintiff to work upon locomotive engine seats that vibrated and transmitted shocks and forces to his body, back, and spine;

   (f) Exposed Plaintiff to repeated slack action in the operation of locomotive engines;

   (g) Failed to upgrade and repair its locomotive seats;

   (h) Failed to inspect and maintain its locomotive seats to reduce the transmission of shock and trauma to Plaintiff's body;

   (i) Failed to inspect, maintain and lubricate its switches;

   (j) Failed to maintain and repair it's locomotive engines while being worked on in Centralia, Marion County, Illinois and East St. Louis, St. Clair County, Illinois;

   (k) Allow the unsafe practices to become the common practice.

8.   That at all times relevant herein, the Plaintiff was unaware of the cause of his true medical condition.

9.   That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was exposed to cumulative and repetitive trauma, causing him to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, and discs of the neck and back and his upper and lower extremities; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, DAVID PERRY, prays judgment against the Defendant, CNIC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

## **PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT IV

### Federal Employers' Liability Act
### Boiler Inspection Act
### Repetitive Trauma

COMES NOW the Plaintiff, DAVID PERRY, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for Count IV of his Complaint against the Defendant, CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, [hereinafter referred to as "CNIC"] states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Boiler Inspection Act, 45 U.S.C.A, Sections 22 & 23, as herein after more fully shown.

2. That at all times relevant herein, the Defendant, CNIC, was and is a railroad company operating in and doing business in the States of Illinois and Kentucky and within the Southern District of Illinois.

3. That at all times mentioned herein, the Defendant, CNIC, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states including Kentucky and Illinois and within the Southern District of Illinois.

4. That beginning in June 1972, Plaintiff has been employed as a locomotive engineer, operating Defendant's locomotives at various locations in the United States including Centralia, Marion County, Illinois and other locations through the Southern District of Illinois.

5. That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

6. That during the time that Plaintiff was employed by this Defendant as an engineer, the Plaintiff performed his duties in various states and locations, including Kentucky and Illinois, and within the Southern District of Illinois, including Centralia, Marion County, Illinois.

7. That during Plaintiff's employment with the Defendant, the Plaintiff was routinely exposed to fully body vibration from various sources including, but not limited to: vibrating engine seats, vibrating locomotives, slack action on a repetitive continuing basis, and defective switches which could not be easily engaged, which resulted in his exposure to continuing cumulative trauma to various parts of his body including but not limited to his back and neck, and the joints of his hands, arms, and knees.

8. That Defendant, CNIC, by and through it's agents, servants and employees, at said time and place, violated the aforesaid act, in that it failed to provide Plaintiff with a locomotive and it's appurtenances which were in proper condition and safe to operate in the service to which they were put in violation of the act, in one or more of the following respects:

    (a) Failed to inspect and maintain it's locomotive seats to reduce the transmission of shock and truma to Plaintiff's body;

    (b) Failed to inspect, maintain and lubricte it's switches;

    (c) Failed to maintain and repair it's locomotive engines while being worked on in Centralia, Marion County, Illinois and East St. Louis, St. Clair County, Illinois;

    (d) Failed to maintain it's seats in working condition.

9. That at all times relevant herein, the Plaintiff was unaware of the cause of his true medical condition.

10. That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was exposed to cumulative and repetitive trauma, causing him to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, and discs of the neck and back and his upper and lower extremities; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, DAVID PERRY, prays judgment against the Defendant, CNIC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

## COUNT V

### Federal Employers' Liability Act
### Negligence

COMES NOW the Plaintiff, DAVID PERRY, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for Count V of his Complaint against the Defendant, CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, [hereinafter referred to as "CNIC"] states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers Liability Act, 45 U.S.C., Section 51 et. seq., as herein after more fully shown.

2. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51 et. seq, as hereinafter more fully shown.

3. That at all times mentioned herein, the Defendant, CNIC, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states including Kentucky and Illinois and within the Southern District of Illinois.

4. That on or about December 28, 2001, and at all times mentioned herein, the Plaintiff, DAVID PERRY, was an employee of Defendant, CNIC, and had been for several years prior thereto.

5. That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

6. That on or about the above-said date, Plaintiff was employed by the Defendant as an engineer and while in the performance of his duty as an engineer, was operating a locomotive, to wit: GTW 5851 in Fulton, Kentucky.

7. That at all times relevant herein, certain inspections and maintenance of the engine and engine seat in question were made in the State of Illinois, including the City of Centralia, Marion County, Illinois and East St. Louis, St. Clair County, Illinois.

8. That on or about the above-mentioned date, the locomotive which Plaintiff was operating, to wit: GTW 5851, was caused to strike a cut of cars as a result of which the Plaintiff sustained a serious impact which threw Plaintiff back in his seat causing his low back to strike a hinge which was protruding from the locomotive seat.

9. That at said time and place the Defendant, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b) Failed to provide Plaintiff with safe and suitable equipment;

    (c) Failed to provide Plaintiff with a safe method of work;

    (d) Failed to adequately inspect the seat of Engine No. GTW 5851 for defects;

    (e) Failed to provide a seat which was reasonably safe;

    (f) Failed to provide a properly designed seat;

    (g) Failed to provide adequate assistance to Plaintiff;

    (h) Failed to properly align its switches so as to avoid the above-mentioned collision;

    (i) Failed to warn Plaintiff of the cars sitting on the track he was directed to;

    (j) Failed to provide Plaintiff with safe and suitable equipment on its locomotive, to wit: a rearview mirror;

  (k) Allowed unsafe practices to become the common practice;

  (l) Failed to properly train and/or supervise its trainmen;

  (m) Failed to properly supervise the move being made at the time of the occurrence.

10. The Plaintiff has received and is receiving medical care, treatment and services in Madison County, Illinois.

11. That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was caused to sustain serious and permanent injuries and damages, to wit: severe and permanent injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones of the back, spine and upper and lower extremities; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, DAVID PERRY, prays judgment against the Defendant, CNIC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT VI

### (Federal Employers' Liability Act)
### (Boiler Inspection Act)

COMES NOW the Plaintiff, DAVID PERRY, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for Count VI of his Complaint against the Defendant, CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, [hereinafter referred to as "CNIC"] states as follows:

1. That the jurisdiction of the Court is based upon an Act of the Congress of the United States, being the Boiler Inspection Act, 49 U.S.C.A., Section 20701, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, CNIC, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states including Kentucky and Illinois and within the Southern District of Illinois.

3. That on or about December 28, 2001, and at all times mentioned herein, the Plaintiff, DAVID PERRY, was an employee of Defendant, CNIC, and had been for several years prior thereto.

4. That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, Plaintiff was employed by the Defendant as an engineer and while in the performance of his duty as an engineer, was operating a locomotive, to wit: GTW 5851 in Fulton, Kentucky.

6. That at all times relevant herein, certain inspections and maintenance of the engine and engine seat in question were made in the State of Illinois.

7. That on or about the above-mentioned date, the locomotive which Plaintiff was operating, to wit: GTW 5851, was caused to strike a cut of cars as a result of which the Plaintiff sustained a serious impact which threw Plaintiff back in his seat causing his low back to strike a hinge which was protruding from the locomotive seat.

8. That the Defendant, CNIC, by and through its agents, servants, and employees at said time and place violated the aforesaid act in that it failed to provide the Plaintiff with a locomotive and its appurtenances which were in proper condition and safe to operate in the service to which they were put in violation of the act, in one or more of the following respects:

    (a) Failed to provide a locomotive with a cab seat which was securely mounted and braced in violoation of 49 C.F.R. 229.119;

    (b) Failed to provide a locomotive with a seat which was free of conditions that endanger the crew in violation of 49 C.F.R. 229.45;

    (c) Failed to provide a locomotive with a seat which was safe to operate in that the seat had a protruding hinge;

    (d) Failed to provide a locomotive with a seat which had sufficient padding;

    (e) Failed to provide a locomotive which was equipped with a rearview mirror.

9. The Plaintiff has received and is receiving medical care, treatment and services in Madison County, Illinois.

10. That as a result in whole or in part, of one or more of the above and foregoing acts or omissions in violation of the Boiler Inspection Act, by Defendant, CNIC, the Plaintiff was caused to sustain serious and permanent injuries and damages, to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones of

the back, spine and upper and lower extremities; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will obligated in the future to expend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent impairment of his enjoyment of life, all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, DAVID PERRY, prays judgment against the Defendant, CNIC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

KUJAWSKI & NOWAK, P.C.

BY: _____
JOHN P. KUJAWSKI, 3128922
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone: (618) 622-3600
Facsimile:   (618) 622-3700
**ATTORNEYS FOR PLAINTIFF**